UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE  DIVISION

| | | |
|---|---|---|
| CAROL ELAINE TRUSTY, Individually and as Special Administrator of the ESTATE OF EDWARD TRUSTY, deceased,<br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>The UNITED STATES, the UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, and the UNITED STATES VETERANS HEALTH ADMINISTRATION,<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:09-cv-069-RLY-WGH |

**ENTRY ON UNITED STATES OF AMERICA'S MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

On June 4, 2009, Carol Trusty ("Plaintiff"), individually and as the special

administrator of her husband's estate, filed suit against the United States, the United

States Department of Veterans Affairs, and the United States Veterans Health

Administration (collectively "United States"), alleging wrongful death, pain and

suffering, and loss of consortium.  Plaintiff's claims sound in tort, and thus, are subject to

the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675.  The United States now moves

to dismiss Plaintiff's Complaint pursuant to either Rule 12(b)(1) or Rule 12(b)(6), and

alternatively moves for summary judgment, on the basis that the Plaintiff failed to satisfy

§ 2675(a) because she did not exhaust her administrative remedies with the appropriate

agency before filing suit against the United States in federal district court.  For the foregoing reasons, the court **GRANTS** the United States' motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, and, alternatively, for failure to state a claim upon which relief can be granted.  The United States' alternative motion for summary judgment is therefore moot.

## I.    Background

Plaintiff is the appointed special administrator of the estate of her husband, Edward Trusty ("Trusty").  (Plaintiff's Complaint "Complaint" ¶ 1).  Trusty was a veteran of the Vietnam War, and resided in Mt. Carmel, Illinois.  (*Id*. ¶¶ 2, 7).  As a veteran, Trusty received healthcare and medical treatment from the Veteran Affairs Health Care System at the Evansville Outpatient Clinic in Evansville, Indiana.  (*Id*. ¶ 8).

At the Evansville Outpatient Clinic, Trusty was diagnosed with a medical problem relating to his liver.  (*Id*. ¶ 10).  Plaintiff alleges that the United States failed to provide proper medical care for Trusty's condition, and as a result Trusty died.  (*Id*. ¶ 13).  On February 6, 2009, the Board of Veterans' Appeals denied Plaintiff entitlement to Dependency and Indemnity Compensation ("DIC") under 38 U.S.C. § 1151, and also denied her any accrued benefits.  (*Id*. ¶ 14); (Memorandum in Support of Motion to Dismiss ("United States' Support Memo") at 2); (Complaint, Attachment 2, 2/6/09 Department of Veteran Affairs Final Denial).  Thereafter, on June 4, 2009, Plaintiff filed the present suit in federal district court, under the FTCA, seeking relief in excess of $100,000 for wrongful death, pain and suffering, and loss of consortium.  (Complaint ¶¶

10-20).

## II.     Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of claims

for "lack of subject-matter jurisdiction."  *See* FED. R. CIV. P. 12(b)(1).  Rule 12(b)(6)

requires dismissal of claims for "failure to state a claim upon which relief can be

granted."  *See* FED. R. CIV. P. 12(b)(6).  Under both a 12(b)(1) and 12(b)(6) analysis, the

court must accept as true all well-pleaded factual allegations contained in the complaint,

as well as the inferences reasonably drawn therefrom.  *Long v. Shorebank Developmental

Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).  Under a Rule 12(b)(1) analysis, a district court

may "look beyond the jurisdictional allegations of the complaint and view whatever

evidence has been submitted on the issue to determine whether in fact subject matter

jurisdiction exists."  *Id.* (*quoting Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th

Cir. 1979)).  However, a dismissal for failure to state a claim under Rule 12(b)(6) is only

appropriate if the plaintiff can establish no set of facts consistent with the allegations of

the complaint on which relief could be granted.  *Minch v. City of Chicago*, 486 F.3d 294,

300 (7th Cir. 2007).

## III.    Discussion

The United States alleges that Plaintiff's complaint should be dismissed due to

lack of subject matter jurisdiction because Plaintiff failed to exhaust her administrative

remedies pursuant to § 2675(a), and, therefore, the United States has not waived its

sovereign immunity to be sued in a federal district court.  (United States' Support Memo

at 1).  Alternatively, the United States argues that the court should dismiss Plaintiff's

complaint, pursuant to Rule 12(b)(6), for failing to state a claim upon which relief can be

granted.  Plaintiff argues that she has properly exhausted her administrative remedies

pursuant to 28 U.S.C. § 2675(a) by filing for DIC benefits under 38 U.S.C. § 1151.  Thus,

Plaintiff claims that the United States has waived sovereign immunity, and can be sued in

federal district court under the FTCA.

The FTCA allows individuals to file "suits against the United States for torts

committed by federal officials if the same acts would create liability for private persons

under applicable state tort law," thus, waiving the sovereign immunity of the United

States.  *Reynolds v. U.S.*, 549 F.3d 1108, 1111 (7th Cir. 2008).  However, there are certain

prerequisites that must be met in order to bring a claim under the FTCA.  Claims for

money damages under § 2675(a) require that a claimant present her tort claims to the

appropriate federal agency, and that the agency deny the claim in writing, before

instituting suit against the United States under the FTCA.  28 U.S.C. § 2675(a); *Deloria v.*

*Veterans Administration*, 927 F.2d 1009, 1011 (7th Cir. 1991).  A claim is deemed to be

presented "when a [f]ederal agency receives from a claimant . . . an executed Standard

Form 95 or other written notification of an incident, accompanied by a claim for money

damages in a sum certain . . . ."  *Palay v. U.S.*, 349 F.3d 418, 425 (7th Cir. 2003).

Although Standard Form 95 is most commonly used when seeking money damages under

the FTCA, the Seventh Circuit considers the notice requirement of § 2675(a) satisfied so

long as there is a "giving of sufficient notice to enable the agency to investigate the claim

4

and the setting of a 'sum certain.'" *Charlton v. U.S.*, 743 F.2d 557, 559 (7th Cir. 1984).

Therefore, when a notice fails to include both requirements, "suit cannot be based upon

[such] an invalid request . . . [a] federal court lacks jurisdiction of a suit filed pursuant to

an insufficient request." *Id*. at 560.

Plaintiff fails to establish that she exhausted her administrative remedies with

respect to her tort claims against the United States because she does not satisfy either of

the two requirements.  The only evidence offered by Plaintiff to show compliance with §

2675(a) is the opinion from the Board of Veterans' Appeals, which denied her DIC

benefits compensation under 38 U.S.C. § 1151.  According to the decision, three issues

were raised: (1) entitlement to DIC benefits; (2) entitlement to accrued benefits; and (3)

entitlement to service connection for the cause of the veteran's death.  However, these

issues differ from the tort claims presented by the Plaintiff in this case: wrongful death,

pain and suffering, and loss of consortium.  Therefore, Plaintiff fails to satisfy the first

requirement of presenting her tort claims to the appropriate federal agency because she

did not present any of the three alleged tort claims to the Veterans' Administration.

Furthermore, Plaintiff does not satisfy the second requirement of a proper notice

because she does not state a "sum certain."  A claim for a "sum certain" requires that a

claimant request a certain amount of money damages for "injury to or loss of property,

personal injury, or death alleged to have occurred by reason of the incident."  *Loper v.

U.S.*, 904 F.Supp. 863, 864 (N.D. Ind. 1995).  The Board of Veterans' Appeals decision

shows that Plaintiff only made a general request for benefit compensation.  Therefore,

Plaintiff's benefit claim does not satisfy the "sum certain" requirement of giving adequate notice to a government agency in order to satisfy the requirements to bring a tort claim against the United States.  Plaintiff does not meet either prerequisite for providing notice to the United States Department of Veteran Affairs, and, therefore, did not exhaust her administrative remedies as required by § 2675(a).  Since Plaintiff failed to exhaust her administrative remedies, the United States has not waived its sovereign immunity to be sued in federal district court, and the court **GRANTS** the United States' motion to dismiss for lack of subject matter jurisdiction.

Although dismissal under the FTCA § 2675(a) for failure to exhaust administrative remedies has traditionally been considered a jurisdictional issue, recent Seventh Circuit decisions suggest that dismissal under Rule 12(b)(6) for failure to state a claim is more appropriate when dismissing an action for failure to meet the requirements that waive sovereign immunity of the United States.  *Wis. Valley Improvement Co. v. U.S.*, 569 F.3d 331, 333-34 (7th Cir. 2009)(holding that "[s]overeign immunity is not a jurisdictional doctrine"); *Collins v. U.S.*, 564 F.3d 833, 837-38 (7th Cir. 2009)(finding that defenses concerning the government's liability under the FTCA has nothing to do with jurisdiction).  Dismissal is appropriate under either rule, and, therefore, the United States' motion to dismiss under Rule 12(b)(6) is also **GRANTED** because the United States is immune from being sued for damages because it has not waived sovereign immunity.

## IV.    Conclusion

For the above stated reasons, the United States' motion to dismiss all counts of

Plaintiffs' Complaint (Docket # 11) is **GRANTED**.

**SO ORDERED** this 11th day of January 2010.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

William C. Illingworth
RHINE ERNEST LLP
willingworth@rhine-ernest.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Chad J. Sullivan
RHINE ERNEST LLP
csullivan@rhine-ernest.com